UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Samuel N. Edeh,  Civil No. 12-1301 (JNE/FLN)

    Plaintiff,

v. **REPORT & RECOMMENDATION**

Equifax Information Services,

    Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 14, 2012 on Plaintiff's motion for partial summary judgment and a preliminary or permanent injunction (ECF No. 5), Defendant's motion to strike Plaintiff's motion for a preliminary or permanent injunction (ECF No. 19), and Defendant's motion for summary judgment (ECF No. 26). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Based on the foregoing, and all the files records, and proceedings herein,[1] it is **HEREBY RECOMMENDED** that:

1.    Plaintiff's motion for partial summary judgment and a preliminary or permanent injunction (ECF No. 5) should be **GRANTED in part** and **DENIED in part**.

    a.    To the extent Plaintiff seeks injunctive relief, the motion should be **DENIED**. The Fair Credit Reporting Act does not allow consumers to seek injunctive

---

[1] Two days before the hearing, on September 12, Plaintiff sent the Court a letter requesting to appear by phone. *See* ECF No. 59. The Court denied Plaintiff's request. *See* ECF No. 60. Defense counsel (who flew in from Atlanta, GA) appeared at the hearing. Plaintiff did not. Shortly after the hearing was scheduled to begin, the Court called Plaintiff to inquire as to whether he planned on attending the hearing. Having heard no response from Plaintiff, the Court then sent him an e-mail asking him to call chambers. He responded "Sorry I am not able to re [sic] there. I am tasked to oversee movement of sensitive hospital samples."

relief. *See Washington v. CSC Credit Servs. Inc.,* 199 F.3d 263, 268 (5th Cir. 2000). And Plaintiff has not established the requisite public benefit to seek injunctive relief under Minnesota's private-attorney-general statute. *See Ly v Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000).

b. To the extent Plaintiff seeks a declaration that Defendant violated Minn. Stat. § 13C.016, subd. 4(e) by not removing the security freeze from his file within 3 days (as alleged in count 1), the motion should be **GRANTED**. Defendant acknowledges that it did not remove Plaintiff's security freeze within three days of his request. Smith Aff. ¶ 32, ECF No. 29. A genuine dispute of material fact exists as to whether the statutory violation caused Plaintiff any damages.

c. To the extent Plaintiff seeks a declaration that Defendant violated the notice requirements of 15 U.S.C. § 1681i (as alleged in count 2), the motion should be **GRANTED**. A security freeze is an "item of information contained in a consumer's file" and is therefore subject to 15 U.S.C. § 1681i. Plaintiff sent Defendant two letters disputing the accuracy of the information contained in his credit file (ie. the existence of the security freeze), one in February 2012 and another in April 2012. Compl. Exs. C & F. Defendant did not remove the freeze until July 2012, several months after Plaintiff's first letter. Smith Aff. ¶ 6, ECF No. 44. There is no evidence in the record, however, regarding what steps Defendant took to investigate the freeze upon receiving Plaintiff's letters. A genuine dispute of material fact exists as to whether: (1) Defendant violated the reinvestigation requirement of 15 U.S.C. § 1681i, (2) whether the notice violation caused (3) any damages, and (4) whether the violation was negligent or willful.

d. To the extent Plaintiff seeks a declaration that Defendant failed to disclose his credit information to him in accordance with 15 U.S.C. § 1681g (as alleged in count 3), the motion should be **GRANTED**. Defendant did not disclose Plaintiff's credit information to him until July 2012, several months after his initial request. Smith Aff. ¶ 35, ECF No. 29. A genuine dispute of material fact exists as to whether the statutory violation caused Plaintiff any damages and whether the violation was negligent or willful.

e. To the extent Plaintiff moves for summary judgment on count 4 (regarding Defendant's alleged failure to provide him with a free credit report in accordance with 15 U.S.C. § 1681j), the motion should be **DENIED**. Defendant has since furnished Plaintiff's credit report and refunded any fees he paid. Smith Aff. ¶¶ 35 & 40, ECF No. 29. The claim is moot and should be **DISMISSED** with prejudice.

f. To the extent Plaintiff moves for summary judgment on count 5 (intentional

interference with prospective contractual relations), the motion should be **DENIED**. Plaintiff's tort claim may not be preempted if he can establish that Defendant furnished false information "with malice or willful intent to injure" him. *See* 15 U.S.C. § 1681h(e); *Safeco Insur. Co. v. Burr*, 551 U.S. 47, 68 (2007) (in the context of FCRA suits, willfulness means "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known") (internal quotation marks omitted); *see also Edeh v. Equifax Information Services, LLC*, Civ. No. 11-2671, 2012 WL 4378189 at *1 (D. Minn. Sept. 25, 2012) (concluding that an intentional-interference-with-contractual-relations claim brought by Plaintiff in a separate lawsuit falls within 15 U.S.C. § 1681h(e)). A genuine dispute of material fact exists as to whether Defendant furnished false information with willful intent to injure Plaintiff.

2. Defendant's motion for summary judgment [ECF No. 26] should be **GRANTED in part** and **DENIED in part**.

   a. To the extent Defendant moves for summary judgment on counts 1, 2, 3, and 5 of the complaint, the motion should be **DENIED**.

   b. To the extent Defendant moves for summary judgment on counts 4, 6, 7, and 8, the motion should be **GRANTED**. Plaintiff's unjust enrichment claim, count 6, is moot. *See* Smith Aff. ¶¶ 35 & 40, ECF No. 29. Plaintiff's negligence claims, counts 7 and 8, are preempted by the FCRA. *See Edeh v. Equifax Information Services, LLC*, Civ. No. 11-2671, 2012 WL 4358726 at *22 (D. Minn. July 27, 2012), *adopted in relevant part*, 2012 WL 4358646 at *9 (D. Minn. Sept. 21, 2012).

3. Defendant's motion to strike Plaintiff's motion for a preliminary or permanent injunction (ECF No. 19) should be **DENIED** as moot.

4. Counts 4, 6, 7, and 8 should be **DISMISSED** with prejudice.

DATED: October 11 , 2012.   s/ *Franklin L. Noel*
                             FRANKLIN L. NOEL
                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 25, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to

3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 25, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.