UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL N. EDEH,

        Plaintiff,

v.                                                                                 Civil No. 12-1301 (JNE/FLN)
                                                                                   ORDER

EQUIFAX INFORMATION
SERVICES, LLC,

        Defendant.

On January 23, 2013, this Court issued an Order that, among other things, denied Plaintiff's motion for partial summary judgment and for injunctive relief, and granted in part and denied in part Defendant's motion for summary judgment. Plaintiff now requests permission to file a motion for reconsideration of the January 23 Order, asserting that he now has "new evidence," which he claims was not available during the pendency of the cross-motions for summary judgment. "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)). "Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion." *Id.* (internal quotation marks omitted). "The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Id.* (internal quotation marks omitted). A motion to reconsider a non-final order, including a summary judgment order that resolves only part of the parties' dispute, is "nothing more than [a] Rule 60(b) motion[]," and "is to be granted only in

1

exceptional circumstances requiring extraordinary relief." *Nelson v. Am. Home Assurance Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012).

The Court first notes that there is no indication that the "new evidence" could not have been discovered with reasonable diligence at the time when the Court was considering the summary judgment motions. *See* Fed. R. Civ.P. 60(b)(2). Moreover, the evidence to which Plaintiff refers would not cure the fatal deficiencies in Plaintiff's claims noted in the January 23 Order. In sum, Plaintiff has not shown any "compelling circumstances" warranting reconsideration of the January 23 Order. *See* D. Minn. LR 7.1(j). Plaintiff's request [Docket No. 77] is DENIED.

Dated: March 20, 2013

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge